Jesse ARCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 57039.

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 21, 1979.

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler and Robert E. Whaley, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ., and CORNELIUS, Commissioner.

## OPINION

WILLIAM J. CORNELIUS, Commissioner.

In a jury trial appellant was convicted of the offense of rape of a child. Punishment was set at fifteen years' confinement.

The sufficiency of the evidence is not challenged. Appellant's only ground for reversal is the contention that the conviction was void because the indictment, when returned, was barred by the statute of limitations.

The offense occurred on June 11, 1975. At that time, the statute of limitations for rape prosecutions was one year. Article 12.01, V.A.C.C.P. Effective September 1, 1975, Article 12.01 was amended so that the limitations period for rape prosecutions became three years. Appellant was indicted for the instant offense on May 31, 1977, more than one year but less than three years after the offense. Appellant contends that, as the limitation period was one year at the time the offense was committed, any prosecution therefor must have been commenced within one year, and that the amendment of the statute after the commission of the offense was ineffective to extend the limitation period. We cannot agree. Where a complete defense has accrued under a statute of limitations, it cannot, of course, be taken away by a subsequent repeal or amendment thereof. But a statute extending a period of limitation applies to all offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period, although the old period of limitations has then expired. *Hill v. State*, 146 Tex.Cr.R. 333, 171 S.W.2d 880 (1943); 16 Tex.Jur.2d, Criminal Law, Sec. 110, p. 250; 22 C.J.S. Criminal Law § 224, p. 575.

The judgment is affirmed.