Thomas Ray Latham v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-230-CR

THOMAS RAY LATHAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found Appellant Thomas Ray Latham guilty of indecency with a child and assessed his punishment at twenty years’ confinement and a $10,000 fine.  
Latham’s appellate counsel has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).
  We grant counsel’s motion to withdraw and affirm the trial court’s judgment.

II.  Factual and Procedural Background

In August 2002, Camille Cleveland, a CPS case worker, began investigating Latham for alleged sexual abuse unrelated to the victim in this case, M.A.  When Cleveland talked with Latham about the unrelated allegations, he indicated that he had been accused years before of sexually abusing his stepdaughter M.A.  He said that he had “just fondled” M.A.  He did not describe what he meant by “fondling” but said that it was not sexual intercourse.

Cleveland contacted M.A., who then made a written statement indicating that Latham sexually abused her from 1988 to 1990.  M.A. testified at trial that she was eleven years old when her family moved in with Latham and that the first incident of sexual assault occurred less than a week later.  She said that she was playing Nintendo in the living room and that Latham was lying on a mattress on the floor.  He questioned her about sex and whether she was a virgin.  When she did not respond to his questions, he put his hand up her shirt and fondled her chest.  She froze.  He then pulled her back on the mattress and “started doing things, telling [her that she] liked it, [she] knew [she] liked it, and proceeded on to undressing [her] and intercourse.”  She specifically stated that he penetrated her sexual organ with his penis.  Afterwards, Latham told her that if she told anyone, no one would believe her, she and her mother would not have a place to stay, and he would make them scared. 

M.A. said that the sexual assaults continued “[a]bout every other day” when she was home alone with Latham.  M.A. told the jury that whenever Latham gave her rides to her friends’ houses, he told her that she owed him; he would take her down a gravel road and sexually assault her before dropping her off.  She also said that Latham penetrated her sexual organ with his finger on more than one occasion.  She testified that the sexual assaults continued for almost two years until, when she was two or three months away from her thirteenth birthday, she went to live with her best friend.  
M.A. told her best friend’s older sister about Latham’s assaults, and eventually M.A.’s mother learned of them as well.  M.A. and her mother subsequently moved to Tennessee for a few months, but they moved back and began residing with Latham again because M.A.’s mother found out that she was pregnant with Latham’s child.  Latham did not assault M.A. after she moved back from Tennessee.  M.A. said that she never told the authorities about Latham’s 1988 to 1990 sexual assaults until Cleveland contacted her in 2002. 

Latham was indicted for aggravated sexual assault and 
pleaded not guilty.  A jury found him guilty of the lesser included offense of 
indecency with a child
 and assessed his punishment at twenty years’ confinement and a $10,000 fine.  
Latham perfected this appeal.

III.  The 
Anders 
Brief

Latham’s court-appointed appellate counsel has filed a motion to withdraw.  In support of his motion, counsel has filed a detailed brief in which he avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).
 
 Specifically, in his brief, counsel raises several potential arguments on appeal, but after thoroughly examining each one, he concludes that none of the arguments would be meritorious.  We provided Latham with the opportunity to file a 
pro se 
brief, but he did not do so.
(footnote: 2)
 Once counsel fulfills the 
Anders 
requirements
, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  We have conducted an independent review of the record and have determined just that.

IV.  Independent Review of the Record

A.  Pretrial

In the instant case, the indictment tracks the statutory language for aggravated sexual assault.  
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(i) (Vernon Supp. 2005). 
 
The indictment alleges that the offense occurred before the presentment of the indictment. 
 See
 Tex. Code Crim. Proc. Ann.
 art. 21.02 (Vernon 1989).  
The indictment was not defective and it conferred jurisdiction on the trial court and provided Latham with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Prior to voir dire, the trial court held a hearing on the pretrial motions that had been filed by both sides.  The trial court granted Latham’s motion for a witness list.  The trial court also granted Latham’s motion in limine and Latham’s “Motion for State[‘s] Intention to Use Evidence,” with the exception that the State would be permitted to elicit same transaction contextual extraneous offense evidence.  The trial court did not abuse its discretion by granting this leeway to the State in spite of Latham’s motion.  
See Moore v. State, 
165 S.W.3d 118, 122 (Tex. App.—Fort Worth 2005, no pet.)
.  

The trial court also considered Latham’s pretrial motion to quash the indictment. 
 Latham contended that the face of the indictment established that his prosecution was barred by the statute of limitations because the offense allegedly occurred on or about January 1, 1990, and the indictment was not presented until June 13, 2003.  The State argued that Latham’s motion was untimely under article 1.14(b) of the code of criminal procedure and that Latham’s prosecution was not barred because in 1997 the legislature changed the limitations period for the offense of aggravated sexual assault
 from ten years from the date of the assault to ten years from the date of the victim’s eighteenth birthday
.  The trial court denied Latham’s motion to quash.

The trial court correctly denied Latham’s motion to quash the indictment so long as Latham’s statute of limitations defense had not accrued before the legislature altered the limitations period for the offense of aggravated sexual assault.  
See Archer v. State, 
577 S.W.2d 244, 244 (Tex. Crim. App. 1979); 
see also
 
Caldwell v. State
, No. 01-00-00761-CR, 2002 WL 396578, at *5 (Tex. App.—Houston [1st Dist.] Mar. 14, 2002, no pet.) (not designated for publication).  That is, unless the legislature states otherwise, a statute extending the period of limitation applies to all offenses not time-barred at the time of the passage of the statute so that a prosecution may be commenced at any time within the new duly established limitations period although the old period of limitation has then expired.  
See Lindsey v. State, 
760 S.W.2d 649, 653 (Tex. Crim. App. 1988).  Here, t
he indictment alleged that Latham committed aggravated sexual assault on or about January 1, 1990, and the limitations period was amended effective September 1, 1997, so Latham’s ten-year statute of limitations defense (which would have accrued about January 1, 2000) had not accrued when the legislature altered the limitations period (in 1997).  
See, e.g., id. 
at 652; 
Archer
, 577 S.W.2d at 244.  The trial court therefore did not err by denying Latham’s motion to quash the indictment. Similarly, Latham’s appellate counsel presents an arguable issue as to whether Latham’s prosecution was barred under the Ex Post Facto Clause of the United States and Texas Constitutions.  For the same reasons Latham’s prosecution is not barred by limitations, it is not barred by the constitutional provisions prohibiting ex post facto laws.  Statutes of limitations, being measures of public policy subject to the will of the legislature, may be changed or repealed without violating constitutional provisions against ex post facto laws in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitations.  
Gallardo v. State
, 768 S.W.2d 875, 877 (Tex. App.—San Antonio 1989, pet. ref’d).  
Because, as indicated above, the prior ten-year limitations period for the aggravated sexual assault alleged against Latham had not expired before the limitations period was amended by the legislature, the amendment does not violate the constitutional prohibition against ex post facto laws.

Also during the pretrial hearing, Latham’s trial counsel moved to quash the entire jury panel because Latham was brought to the courthouse for a family law matter in another court in his jail clothes and handcuffs.  Latham rode the public elevator, and it opened on the floor where the jury panel for his criminal case was located.  The trial court took Latham’s motion under advisement and asked the entire venire panel whether anyone had seen Latham prior to the afternoon trial began.  None of the venire members indicated that they had previously seen Latham. 

During voir dire, the trial court permitted Latham to ask proper questions of the panel, and the trial court did not permit the State to ask any improper questions.  We have reviewed the entire voir dire, and nothing in the record before us would support a claim of ineffective 
assistance during voir dire.  
See Wright v. State
, 768 S.W.2d 391, 393 (Tex. App.—El Paso 1989, no pet.).
 At the conclusion of the State’s voir dire questioning, Latham moved to quash the jury panel based on venire member Harris’s allegedly prejudicial comments.  In response to the State’s question of whether any of the venire members had friends or family who were victims of sexual abuse, venire member Harris said that a member of her family had been sexually abused and said that she had previously participated in a women’s domestic violence clinic and believed that most sexual assault victims were not treated fairly by the system.  Other venire members who responded to the State’s question about
 whether their friends or family members had been victims of sexual abuse also mentioned whether they believed the victims had been treated fairly by the system.  In 
Young v. State
, the court of criminal appeals held that a defendant should object to the venire member’s allegedly prejudicial comments and move the trial court for a curative instruction.  137 S.W.3d 65, 71 (Tex. Crim. App. 2004).  Here, Latham did not object when venire member Harris made her comments.  Nor did he move for a curative instruction.  Instead, he waited until the conclusion of the State’s voir dire and moved to quash the entire panel.  While quashing the entire panel may certainly be appropriate in some cases after incurably prejudicial comments by a venire member, here an instruction to disregard would have cured the prejudice, if any, from venire member Harris’s comments.  
Id. 
(holding instruction would have cured venire members comment in prosecution for sexual assault of a child that she had worked for twenty-five to thirty years with youth in inner city program and believed that children told the truth about sexual assault—in that time, she had never had the experience of having a child not tell the truth).  
Therefore, the trial court did not abuse its discretion by denying Latham’s motion to quash the panel.

B.  Guilt-Innocence Phase

We next examine the guilt-innocence phase of Latham’s trial to determine what error, if any, was preserved and whether any such error was harmful. Latham asserted an objection that the prosecutor’s statement during opening argument that “[M.A.] lived the kind of life that you’d expect someone to live who had been violated” was argumentative.  The trial court overruled Latham’s objection.  But the prosecutor later repeated this statement, and 
Latham did not object, so in any event error, if any, from this statement is not preserved for our review.  
See Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (any error forfeited by failing to comply with Texas Rule of Appellate Procedure 33.1); 
Rogers v. State
, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (appellant waives any complaint about error in admitting improper evidence if that same evidence later comes in without objection).

During the course of the trial, Latham asserted various objections to the State’s evidence.  He objected when the State read a portion of a trial transcript from a previous trial involving Latham.  In the prior trial, Latham had asserted his Fifth Amendment right against self-incrimination when he was asked what he considered to be “almost fondling.”  The trial court permitted the State to read this question and answer to the jury only after Latham’s cross-examination of the CPS case worker left the impression with the jury that Latham used the term “fondling” to mean nonsexual conduct that would not constitute any type of offense.  Thus, the trial court did not abuse its discretion in permitting the State to show that in fact Latham had previously used the term “fondling” to describe an offense to which Fifth Amendment rights could attach.  
See Wheeler v. State
, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002).  
Accord Reese v. State
, 531 S.W.2d 638, 640-41 (Tex. Crim. App. 1976) (holding defendant's response to "[w]hat kind of trouble do you have with the law" discussing a single prior conviction opened door to admission of three other prior convictions).

Latham also objected to the introduction of a recording of a phone conversation between himself and Officer Tofte.  Latham objected on the ground that the conversation was recorded without his knowledge.  Our review of the record reveals that the trial court’s rulings on Latham’s objections to the cassette tape did not constitute an abuse of discretion. 
 
See Kizziar v. State
, 628 S.W.2d 243, 246 (Tex. App.—Fort Worth 1982, pet. ref’d) (holding tape recording by police was admissible and defendant did not need to be warned prior to recording); 
see generally Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001) (stating that appellate court reviews trial court’s decision to admit or exclude evidence under abuse of discretion standard).

Neither party objected to the trial court’s charge at guilt-innocence nor suggested adding any specially requested instructions, definitions, or questions. Moreover, the charge on guilt-innocence properly defined the law and applied the law to the facts of the
 case.  
The jury charge allowed the jury to convict Latham for aggravated sexual assault or indecency with a child.  
See generally
 
Tex. Penal Code Ann.
 § 21.11 (Vernon 2003).  The jury convicted Latham of indecency with a child, which is a lesser included offense of aggravated sexual assault. 
 
See Cunningham v. State
, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987); 
Elder v. State
, 132 S.W.3d 20, 23-24 (Tex. App.—Fort Worth 2004, pet. ref’d), 
cert. denied
, 125 S. Ct. 1645 (2005)
. 

During the State’s closing argument, Latham objected twice to the prosecutor’s characterization of the evidence.  Both times, the trial court properly instructed the jury to recall the evidence. 

After reviewing the record and applying the appropriate standard of review,
(footnote: 3) we conclude 
that the evidence is both legally and factually sufficient to support Latham’s conviction for indecency with a child.  
See West v. State
, 121 S.W.3d 95, 110-11 (Tex. App.—Fort Worth 2003, pet. ref’d); 
Garcia v. State
, 112 S.W.3d 839, 851-52 (Tex. App.—Houston [14th
 Dist.] 2003, no pet.).
  Based on the testimony and evidence presented at trial, the jury could have reasonably found the essential elements of the offense beyond a reasonable doubt.  
See
 Tex. Penal Code Ann.
 § 21.11.

Finally, Latham’s counsel at trial effectively cross-examined the State’s witnesses and attempted to establish reasonable doubt by showing that the State’s main witness, M.A., was untruthful and had a motive to help her mother, who was involved in a custody dispute with Latham over their daughter
. 
 
Thus, counsel’s performance at the guilt-innocence phase of trial was constitutionally sufficient
.  
See Strickland v. Washington
, 466 U.S. 668, 104 S. Ct. 2052 (1984).  Consequently, after reviewing the record, we have found no reversible error during the guilt-innocence phase of Latham’s trial.
 
C.  Punishment

D
uring the punishment phase, the State waived its opening statement. Thereafter, Latham stipulated to three prior offenses involving possession of methamphetamine, one to four grams; possession of marijuana under two ounces; and driving while license suspended.  The State read the stipulation to the jury, and the trial court admitted certified copies of the judgments in the three cases.

After a finding of guilt, evidence may be offered by the State as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant. 
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1)
 (Vernon Supp. 2005). 
 The record reveals that, prior to trial and in accordance with his request, Latham received notice of the State’s intent to introduce evidence of Latham’s prior convictions.  
See id.
 § 3(g
).  Thus, the trial court did not abuse its discretion by admitting evidence of Latham’s prior convictions, and none of the trial court’s rulings on Latham’s objections during punishment constitutes reversible error or an abuse of discretion.

Latham objected to paragraph two of the charge on punishment, and the trial court properly sustained his objection and made the correction that Latham requested.  
The court’s charge on punishment properly instructed the jury on the applicable range of punishment. 
 See
 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).  

During the State’s final closing argument, the prosecutor mentioned Latham’s previous convictions—two felonies and two misdemeanors—and stated that Latham “lived his life as a lawbreaker.”  Latham did not object at trial to this comment, so even if this comment was improper, any error has not been preserved for our review unless the comment was so prejudicial that no instruction could have cured the harm.  
Losada v. State
, 721 S.W.2d 305, 313 (Tex. Crim. App. 1986).  We hold that if the comment was improper an instruction could have cured any harm.  
See Kessler v. State
, 850 S.W.2d 217, 219-20 (Tex. App.—Fort Worth 1993, no pet.) (police officer’s comment about appellant’s “history,” which insinuated that appellant was a lawbreaker, was cured by trial court’s instruction to disregard).  The remainder of the State’s final argument contained proper pleas for law enforcement.  
See Burrell v. State
, 860 S.W.2d 588, 589 (Tex. App.—El Paso 1993, no pet.) (listing plea for law enforcement in categories of proper jury argument).  
To the extent that Latham has an ineffective assistance of 
counsel claim based on any of the acts or omissions of defense counsel during punishment, the record before us is not sufficient to sustain the claim. 
 See Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

Latham’s twenty-year sentence and $10,000 fine are within the statutory range for a second-degree felony. 
 
See 
Tex. Penal Code Ann.
 
§ 12.33
.  Moreover, the judgment does not contain any improper assessment of fees.  
See Bray v. State
, Nos. 2-04-148-CR, 2-04-149-CR, 2-04-150-CR, 2005 WL 3008418, at *4 (Tex. App.—Fort Worth Nov. 10, 2005, no pet.) (reforming judgment in 
Anders 
case in which judgment incorrectly included payment of attorney’s fees as condition of parole). 
 Thus, our review of the record reveals no reversible error from the punishment phase.

V.  Conclusion

Based on our independent review of the record in this case, we have determined that there is no error on which an appeal could be based or which would require reversal.  Therefore
, because we agree with counsel’s professional determination that an appeal in the instant case is frivolous, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 5, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Latham filed a letter requesting an extension of time to file his 
pro se 
brief, and we granted the requested extension.  However, Latham failed to file a 
pro se 
brief.  Although Latham’s letter requesting an extension contains a detailed handwritten account of his side of the story, because his account is not contained in the record before us, we cannot consider it.  
Rasberry v. State
, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (holding appellate court cannot consider an item that is not part of the record on appeal).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) 
(both giving legal sufficiency standard); 
see also Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all giving factual sufficiency standard).