COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-230-CR

 

 

THOMAS RAY LATHAM                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








A jury found Appellant Thomas Ray Latham guilty
of indecency with a child and assessed his punishment at twenty years=
confinement and a $10,000 fine.  Latham=s
appellate counsel has filed an Anders brief asserting that there are no
grounds that could be argued successfully on appeal.  Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967).  We grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

II.  Factual and Procedural Background

In August 2002, Camille Cleveland, a CPS case
worker, began investigating Latham for alleged sexual abuse unrelated to the
victim in this case, M.A.  When Cleveland
talked with Latham about the unrelated allegations, he indicated that he had
been accused years before of sexually abusing his stepdaughter M.A.  He said that he had Ajust
fondled@
M.A.  He did not describe what he meant
by Afondling@ but
said that it was not sexual intercourse.








Cleveland contacted M.A., who then made a written
statement indicating that Latham sexually abused her from 1988 to 1990.  M.A. testified at trial that she was eleven
years old when her family moved in with Latham and that the first incident of
sexual assault occurred less than a week later. 
She said that she was playing Nintendo in the living room and that
Latham was lying on a mattress on the floor. 
He questioned her about sex and whether she was a virgin.  When she did not respond to his questions, he
put his hand up her shirt and fondled her chest.  She froze. 
He then pulled her back on the mattress and Astarted
doing things, telling [her that she] liked it, [she] knew [she] liked it, and
proceeded on to undressing [her] and intercourse.@  She specifically stated that he penetrated
her sexual organ with his penis. 
Afterwards, Latham told her that if she told anyone, no one would
believe her, she and her mother would not have a place to stay, and he would
make them scared. 

M.A. said that the sexual assaults continued A[a]bout
every other day@ when she was home alone with
Latham.  M.A. told the jury that whenever
Latham gave her rides to her friends= houses,
he told her that she owed him; he would take her down a gravel road and
sexually assault her before dropping her off. 
She also said that Latham penetrated her sexual organ with his finger on
more than one occasion.  She testified
that the sexual assaults continued for almost two years until, when she was two
or three months away from her thirteenth birthday, she went to live with her
best friend.  M.A. told her best friend=s older
sister about Latham=s assaults, and eventually M.A.=s mother
learned of them as well.  M.A. and her
mother subsequently moved to Tennessee for a few months, but they moved back
and began residing with Latham again because M.A.=s mother
found out that she was pregnant with Latham=s
child.  Latham did not assault M.A. after
she moved back from Tennessee.  M.A. said
that she never told the authorities about Latham=s 1988
to 1990 sexual assaults until Cleveland contacted her in 2002. 








Latham was indicted for aggravated sexual assault
and pleaded not guilty.  A jury found him
guilty of the lesser included offense of indecency with a child and assessed
his punishment at twenty years=
confinement and a $10,000 fine.  Latham
perfected this appeal.

III.  The Anders Brief

Latham=s
court-appointed appellate counsel has filed a motion to withdraw.  In support of his motion, counsel has filed a
detailed brief in which he avers that, in his professional opinion, this appeal
is frivolous.  Counsel=s brief
and motion meet the requirements of Anders by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  See Mays v. State, 904
S.W.2d 920, 922-23 (Tex. App.CFort
Worth 1995, no pet.).  Specifically,
in his brief, counsel raises several potential arguments on appeal, but after
thoroughly examining each one, he concludes that none of the arguments would be
meritorious.  We provided Latham with the
opportunity to file a pro se brief, but he did not do so.[2]








Once counsel fulfills the Anders requirements,
we must conduct an independent evaluation of the record to determine whether
counsel is correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  We have conducted an independent review of
the record and have determined just that.

IV.  Independent Review of the Record

A. 
Pretrial

In the instant case, the indictment tracks the
statutory language for aggravated sexual assault.  See Tex.
Penal Code Ann. ' 22.021(a)(1)(B)(i) (Vernon
Supp. 2005).  The indictment alleges that
the offense occurred before the presentment of the indictment.  See
Tex. Code Crim. Proc. Ann. art. 21.02 (Vernon 1989).  The indictment was not defective and it
conferred jurisdiction on the trial court and provided Latham with sufficient
notice to prepare a defense.  See Tex. Const. art. V, ' 12; Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Prior to voir dire, the trial court held a
hearing on the pretrial motions that had been filed by both sides.  The trial court granted Latham=s motion
for a witness list.  The trial court also
granted Latham=s motion in limine and Latham=s AMotion
for State[>s] Intention to Use Evidence,@ with
the exception that the State would be permitted to elicit same transaction
contextual extraneous offense evidence. 
The trial court did not abuse its discretion by granting this leeway to
the State in spite of Latham=s
motion.  See Moore v. State, 165
S.W.3d 118, 122 (Tex. App.CFort
Worth 2005, no pet.).  








The trial court also considered Latham=s
pretrial motion to quash the indictment. 
Latham contended that the face of the indictment established that his
prosecution was barred by the statute of limitations because the offense
allegedly occurred on or about January 1, 1990, and the indictment was not
presented until June 13, 2003.  The State
argued that Latham=s motion was untimely under
article 1.14(b) of the code of criminal procedure and that Latham=s
prosecution was not barred because in 1997 the legislature changed the
limitations period for the offense of aggravated sexual assault from ten years
from the date of the assault to ten years from the date of the victim=s
eighteenth birthday.  The trial court
denied Latham=s motion to quash.













The trial court correctly denied Latham=s motion
to quash the indictment so long as Latham=s
statute of limitations defense had not accrued before the legislature altered
the limitations period for the offense of aggravated sexual assault.  See Archer v. State, 577 S.W.2d 244,
244 (Tex. Crim. App. 1979); see also Caldwell v. State, No.
01-00-00761-CR, 2002 WL 396578, at *5 (Tex. App.CHouston
[1st Dist.] Mar. 14, 2002, no pet.) (not designated for publication).  That is, unless the legislature states
otherwise, a statute extending the period of limitation applies to all offenses
not time-barred at the time of the passage of the statute so that a prosecution
may be commenced at any time within the new duly established limitations period
although the old period of limitation has then expired.  See Lindsey v. State, 760 S.W.2d 649,
653 (Tex. Crim. App. 1988).  Here, the
indictment alleged that Latham committed aggravated sexual assault on or about
January 1, 1990, and the limitations period was amended effective September 1,
1997, so Latham=s ten-year statute of
limitations defense (which would have accrued about January 1, 2000) had not
accrued when the legislature altered the limitations period (in 1997).  See, e.g., id. at 652; Archer,
577 S.W.2d at 244.  The trial court
therefore did not err by denying Latham=s motion
to quash the indictment.  Similarly,
Latham=s
appellate counsel presents an arguable issue as to whether Latham=s
prosecution was barred under the Ex Post Facto Clause of the United States and
Texas Constitutions.  For the same
reasons Latham=s prosecution is not barred by
limitations, it is not barred by the constitutional provisions prohibiting ex
post facto laws.  Statutes of
limitations, being measures of public policy subject to the will of the
legislature, may be changed or repealed without violating constitutional
provisions against ex post facto laws in any case where a right to acquittal
has not been absolutely acquired by the completion of the period of
limitations.  Gallardo v. State,
768 S.W.2d 875, 877 (Tex. App.CSan
Antonio 1989, pet. ref=d).  Because, as indicated above, the prior ten-year
limitations period for the aggravated sexual assault alleged against Latham had
not expired before the limitations period was amended by the legislature, the
amendment does not violate the constitutional prohibition against ex post facto
laws.

Also during the pretrial hearing, Latham=s trial
counsel moved to quash the entire jury panel because Latham was brought to the
courthouse for a family law matter in another court in his jail clothes and
handcuffs.  Latham rode the public
elevator, and it opened on the floor where the jury panel for his criminal case
was located.  The trial court took Latham=s motion
under advisement and asked the entire venire panel whether anyone had seen
Latham prior to the afternoon trial began. 
None of the venire members indicated that they had previously seen
Latham. 








During voir dire, the trial court permitted
Latham to ask proper questions of the panel, and the trial court did not permit
the State to ask any improper questions. 
We have reviewed the entire voir dire, and nothing in the record before
us would support a claim of ineffective assistance during voir dire.  See Wright v. State, 768 S.W.2d 391,
393 (Tex. App.CEl Paso 1989, no pet.).   At the conclusion of the State=s voir
dire questioning, Latham moved to quash the jury panel based on venire member
Harris=s allegedly
prejudicial comments.  In response to the
State=s
question of whether any of the venire members had friends or family who were
victims of sexual abuse, venire member Harris said that a member of her family
had been sexually abused and said that she had previously participated in a
women=s
domestic violence clinic and believed that most sexual assault victims were not
treated fairly by the system.  Other
venire members who responded to the State=s
question about whether their friends or family members had been victims of
sexual abuse also mentioned whether they believed the victims had been treated
fairly by the system.  In Young v.
State, the court of criminal appeals held that a defendant should object to
the venire member=s allegedly prejudicial comments
and move the trial court for a curative instruction.  137 S.W.3d 65, 71 (Tex. Crim. App.
2004).  Here, Latham did not object when
venire member Harris made her comments. 
Nor did he move for a curative instruction.  Instead, he waited until the conclusion of
the State=s voir dire and moved to quash
the entire panel.  While quashing the
entire panel may certainly be appropriate in some cases after incurably
prejudicial comments by a venire member, here an instruction to disregard would
have cured the prejudice, if any, from venire member Harris=s
comments.  Id. (holding
instruction would have cured venire members comment in prosecution for sexual
assault of a child that she had worked for twenty-five to thirty years with
youth in inner city program and believed that children told the truth about
sexual assaultCin that time, she had never had
the experience of having a child not tell the truth).  Therefore, the trial court did not abuse its
discretion by denying Latham=s motion
to quash the panel.








B. 
Guilt-Innocence Phase

We next examine the guilt-innocence phase of
Latham=s trial
to determine what error, if any, was preserved and whether any such error was
harmful. Latham asserted an objection that the prosecutor=s
statement during opening argument that A[M.A.]
lived the kind of life that you=d expect
someone to live who had been violated@ was
argumentative.  The trial court overruled
Latham=s
objection.  But the prosecutor later
repeated this statement, and Latham did not object, so in any event error, if
any, from this statement is not preserved for our review.  See Mendez v. State, 138 S.W.3d 334,
341 (Tex. Crim. App. 2004) (any error forfeited by failing to comply with Texas
Rule of Appellate Procedure 33.1); Rogers v. State, 853 S.W.2d 29, 35
(Tex. Crim. App. 1993) (appellant waives any complaint about error in admitting
improper evidence if that same evidence later comes in without objection).








During the course of the trial, Latham asserted
various objections to the State=s
evidence.  He objected when the State
read a portion of a trial transcript from a previous trial involving
Latham.  In the prior trial, Latham had
asserted his Fifth Amendment right against self-incrimination when he was asked
what he considered to be Aalmost fondling.@  The trial court permitted the State to read
this question and answer to the jury only after Latham=s
cross-examination of the CPS case worker left the impression with the jury that
Latham used the term Afondling@ to mean
nonsexual conduct that would not constitute any type of offense.  Thus, the trial court did not abuse its
discretion in permitting the State to show that in fact Latham had previously
used the term Afondling@ to
describe an offense to which Fifth Amendment rights could attach.  See Wheeler v. State, 67 S.W.3d 879,
885 (Tex. Crim. App. 2002).  Accord
Reese v. State, 531 S.W.2d 638, 640‑41 (Tex. Crim. App. 1976)
(holding defendant's response to "[w]hat kind of trouble do you have with
the law" discussing a single prior conviction opened door to admission of
three other prior convictions).

Latham also objected to the introduction of a
recording of a phone conversation between himself and Officer Tofte.  Latham objected on the ground that the
conversation was recorded without his knowledge.  Our review of the record reveals that the
trial court=s rulings on Latham=s
objections to the cassette tape did not constitute an abuse of discretion.  See Kizziar v. State, 628 S.W.2d
243, 246 (Tex. App.CFort Worth 1982, pet. ref=d)
(holding tape recording by police was admissible and defendant did not need to
be warned prior to recording); see generally Burden v. State, 55 S.W.3d
608, 615 (Tex. Crim. App. 2001) (stating that appellate court reviews trial
court=s
decision to admit or exclude evidence under abuse of discretion standard).








Neither party objected to the trial court=s charge
at guilt-innocence nor suggested adding any specially requested instructions,
definitions, or questions. Moreover, the charge on guilt-innocence properly
defined the law and applied the law to the facts of the case.  The jury charge allowed the jury to convict
Latham for aggravated sexual assault or indecency with a child.  See generally Tex. Penal Code Ann. ' 21.11
(Vernon 2003).  The jury convicted Latham
of indecency with a child, which is a lesser included offense of aggravated
sexual assault.  See Cunningham v.
State, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987); Elder v. State,
132 S.W.3d 20, 23-24 (Tex. App.CFort
Worth 2004, pet. ref=d), cert. denied, 125 S.
Ct. 1645 (2005). 

During the State=s
closing argument, Latham objected twice to the prosecutor=s
characterization of the evidence.  Both
times, the trial court properly instructed the jury to recall the evidence. 








After reviewing the record and applying the
appropriate standard of review,[3]
we conclude that the evidence is both legally and factually sufficient to
support Latham=s conviction for indecency with
a child.  See West v. State, 121
S.W.3d 95, 110-11 (Tex. App.CFort
Worth 2003, pet. ref=d); Garcia v. State, 112
S.W.3d 839, 851-52 (Tex. App.CHouston
[14th Dist.] 2003, no pet.).  Based on
the testimony and evidence presented at trial, the jury could have reasonably
found the essential elements of the offense beyond a reasonable doubt.  See
Tex. Penal Code Ann. ' 21.11.

Finally, Latham=s
counsel at trial effectively cross-examined the State=s
witnesses and attempted to establish reasonable doubt by showing that the State=s main
witness, M.A., was untruthful and had a motive to help her mother, who was
involved in a custody dispute with Latham over their daughter.  Thus, counsel=s
performance at the guilt-innocence phase of trial was constitutionally
sufficient.  See Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  Consequently, after reviewing the record, we
have found no reversible error during the guilt-innocence phase of Latham=s trial.    C. 
Punishment

During
the punishment phase, the State waived its opening statement. Thereafter,
Latham stipulated to three prior offenses involving possession of
methamphetamine, one to four grams; possession of marijuana under two ounces;
and driving while license suspended.  The
State read the stipulation to the jury, and the trial court admitted certified
copies of the judgments in the three cases.








After a finding of guilt, evidence may be offered
by the State as to any matter the court deems relevant to sentencing, including
the prior criminal record of the defendant. 
Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)(1) (Vernon Supp.
2005).  The record reveals that, prior to
trial and in accordance with his request, Latham received notice of the State=s intent
to introduce evidence of Latham=s prior
convictions.  See id. '
3(g).  Thus, the trial court did not
abuse its discretion by admitting evidence of Latham=s prior
convictions, and none of the trial court=s
rulings on Latham=s objections during punishment
constitutes reversible error or an abuse of discretion.

Latham objected to paragraph two of the charge on
punishment, and the trial court properly sustained his objection and made the
correction that Latham requested.  The
court=s charge
on punishment properly instructed the jury on the applicable range of
punishment.  See Tex. Penal Code Ann. ' 12.33
(Vernon 2003).  








During the State=s final
closing argument, the prosecutor mentioned Latham=s
previous convictionsCtwo felonies and two
misdemeanorsCand stated that Latham Alived
his life as a lawbreaker.@ 
Latham did not object at trial to this comment, so even if this comment
was improper, any error has not been preserved for our review unless the
comment was so prejudicial that no instruction could have cured the harm.  Losada v. State, 721 S.W.2d 305, 313
(Tex. Crim. App. 1986).  We hold that if
the comment was improper an instruction could have cured any harm.  See Kessler v. State, 850 S.W.2d 217,
219-20 (Tex. App.CFort Worth 1993, no pet.)
(police officer=s comment about appellant=s Ahistory,@ which
insinuated that appellant was a lawbreaker, was cured by trial court=s
instruction to disregard).  The remainder
of the State=s final argument contained
proper pleas for law enforcement.  See
Burrell v. State, 860 S.W.2d 588, 589 (Tex. App.CEl Paso
1993, no pet.) (listing plea for law enforcement in categories of proper jury
argument).  To the extent that Latham has
an ineffective assistance of counsel claim based on any of the acts or
omissions of defense counsel during punishment, the record before us is not
sufficient to sustain the claim.  See
Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

Latham=s
twenty-year sentence and $10,000 fine are within the statutory range for a
second-degree felony.  See Tex. Penal Code Ann. '
12.33.  Moreover, the judgment does not
contain any improper assessment of fees. 
See Bray v. State, Nos. 2-04-148-CR, 2-04-149-CR, 2-04-150-CR,
2005 WL 3008418, at *4 (Tex. App.CFort
Worth Nov. 10, 2005, no pet.) (reforming judgment in Anders case in
which judgment incorrectly included payment of attorney=s fees
as condition of parole).  Thus, our
review of the record reveals no reversible error from the punishment phase.








V.  Conclusion

Based on our independent review of the record in
this case, we have determined that there is no error on which an appeal could
be based or which would require reversal. 
Therefore, because we agree with counsel=s professional
determination that an appeal in the instant case is frivolous, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

 

 

SUE
WALKER

JUSTICE

 

PANEL F:    WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 5,
2006

 











[1]See Tex.
R. App. P. 47.4.





[2]Latham filed a letter
requesting an extension of time to file his pro se brief, and we granted
the requested extension.  However, Latham
failed to file a pro se brief. 
Although Latham=s letter requesting an extension
contains a detailed handwritten account of his side of the story, because his
account is not contained in the record before us, we cannot consider it.  Rasberry v. State, 535 S.W.2d 871, 873
(Tex. Crim. App. 1976) (holding appellate court cannot consider an item that is
not part of the record on appeal).





[3]See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.
Crim. App. 2001) (both giving legal sufficiency standard); see also Zuniga
v. State, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997) (all giving factual sufficiency
standard).