Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS






EX PARTE: BENJAMIN SILVA
§


 


§


 


§


 


§


 


§



 §

No. 08-07-00141-CR



Appeal from


 243rd District Court


of El Paso County, Texas


(TC # 2006D01939)





O P I N I O N



 Benjamin Silva appeals from an order denying a pretrial writ of habeas corpus. We affirm
the order denying habeas corpus relief.

FACTUAL SUMMARY


 On April 26, 2006, a grand jury returned a true bill of indictment alleging Silva committed
the offense of aggravated sexual assault of a child younger than 14 years of age on or about January
10, 1991 by causing his sexual organ to penetrate the child's mouth. Silva filed an application for
writ of habeas corpus asserting that his prosecution was barred by the ten-year statute of limitations
in effect at the time the offense was allegedly committed. The trial court conducted a hearing on the
motion and denied habeas relief upon finding that the Legislature had amended the statute of
limitations in 1997 so that the new limitations period is ten years after the victim's 18th birthday. 
Silva immediately filed notice of appeal and the trial court certified that Appellant had a right of
appeal.

STATUTE OF LIMITATIONS


 In a single issue, Silva contends that the trial court abused its discretion by denying habeas
corpus relief. The State maintains that the trial court correctly decided that the applicable limitations
period is ten years after the victim's 18th birthday, and therefore, the prosecution is not barred. (1) We
agree with the State.

 At the time the offense was allegedly committed, the statute of limitations was ten years. 
Acts 1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex.Gen.Laws 2591. The Legislature amended
Article 12.01 in 1997 to provide that the statute of limitations is ten years from the 18th birthday of
the victim of the offense. Acts 1997, 75th Leg., R.S., ch. 740, § 1, 1997 Tex.Gen.Laws 2403
[formerly Tex.Code Crim.Proc.Ann. art. 12.01(5)]. (2) That change in law did not apply to an
offense if the prosecution of the offense became barred by limitation before September 1, 1997. 
Acts 1997, 75th Leg., R.S., ch. 740, § 3, 1997 Tex.Gen.Laws 2403.

 It is well established that, unless the Legislature expressly provides otherwise, a statute
extending the period of limitation applies to all offenses not time-barred at the time of the passage
of the act so that a prosecution may be commenced at any time within the new duly established
period even though the old limitation period has then expired. Lindsey v. State, 760 S.W.2d 649,
653 (Tex.Crim.App. 1988); Archer v. State, 577 S.W.2d 244 (Tex.Crim.App. 1979). Here, the
Legislature expressly provided that the new limitation period did not apply to an offense if the
prosecution of the offense became barred by limitation before September 1, 1997. The former ten-year limitation period applicable to the January 10, 1991 offense had not expired on September 1,
1997. Therefore, the trial court correctly determined that the new limitation period applied so that
the instant prosecution is not barred. We overrule Silva's sole point of error and affirm the order
denying habeas corpus relief. The order staying the proceedings in the trial court is lifted.


January 17, 2008 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. The State also argues that the appeal should be dismissed because Silva has an adequate remedy by appeal
and the indictment does not show on its face that prosecution is absolutely barred. The State previously presented this
argument in a motion to dismiss the appeal which we denied. Ex parte Silva, No. 08-07-00141-CR, 2007 WL 2457589
(Tex.App.--El Paso August 30, 2007). We also denied the State's motion to reconsider our ruling on the issue. We
decline to revisit the issue.
2. While this appeal was pending, the Legislature amended Article 12.01 to provide that there is no limitation
period for aggravated sexual assault under Section 22.021(a)(1)(B) of the Penal Code. Tex.Code Crim.Proc.Ann.
art. 12.01(1)(B)(Vernon Supp. 2007).