# NO. 12-11-00158-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HEZEKIAH STALLWORTH,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Hezekiah Stallworth appeals his conviction for aggravated sexual assault of a child.[1]  In his sole issue on appeal, Appellant contends that the aggravated sexual assault of a child conviction was time barred by the statute of limitations.  We modify the judgment of the trial court, and affirm as modified.

### BACKGROUND

Appellant was an elderly pastor at a church in Elkhart, Texas.  A seven year old female made an outcry in 2010 that Appellant touched her inappropriately in his office at the church where he preached.  The authorities were notified and an investigation ensued.  Appellant voluntarily contacted the police, went to the station for an interview, and confessed to the incident.  During the confession, he stated that he wanted to avoid a trial and was ready to take responsibility for his actions.  Appellant was arrested at the conclusion of the interview.  While the police continued their investigation, another victim came forward, alleging similar conduct that occurred in 1989, which

---

[1] Appellant was also convicted for indecency with a child by contact.  On appeal, he raises an issue only on the aggravated assault of a child conviction.

was over twenty years prior to the 2010 incident.

Appellant was indicted for indecency with a child by contact for the 2010 incident (count one). He was also indicted for aggravated sexual assault of a child under the age of fourteen for the 1989 incident (count two). Appellant made an open plea of "guilty" to the trial court. After a punishment hearing, the trial court sentenced Appellant to ten years of imprisonment on count one and twenty years of imprisonment on count two, in accordance with the recommendations of the State. This appeal followed.

## LIMITATIONS

In his sole issue, Appellant contends that his conviction for the 1989 aggravated sexual assault of a child in count two was time barred by the statute of limitations.

Appellant was charged with aggravated sexual assault of a child under Section 22.021(a)(2)(B) of the Texas Penal Code as it existed in 1987. The limitations period for this offense was not enumerated under Article 12.01 of the Texas Code of Criminal Procedure in 1987. *See* Act of May 31, 1987, 70th Leg., R.S., ch. 716, § 1, 1985 Tex. Gen. Laws 2591 (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B) (West Supp. 2012)). At the time, the limitations period for nonenumerated felonies was three years from the date the offense was committed. *See id.* (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2012)).

However, Article 12.03(d) of the Texas Code of Criminal Procedure in 1987 stated that "[a]ny offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." *See* Act of June 20, 1987, 70th Leg., R.S., ch. 1133, § 1, 1987 Tex. Gen. Laws 3870 (current version at TEX. CODE CRIM. PROC. ANN. art. 12.03(d) (West 2005)). The primary crime was sexual assault of a child, Section 22.011(a)(2) of the 1987 Texas Penal Code. The statute of limitations for this offense was ten years under Article 12.01(2)(D) of the 1987 Texas Code of Criminal Procedure. *See* Act of May 31, 1987, 70th Leg., R.S., ch. 716, § 1, 1985 Tex. Gen. Laws 2591.

The Texas Court of Criminal Appeals has recently held that the 2007 prosecution of an early 1980s aggravated sexual assault of a child was prohibited by the relevant statute of limitations, and that applying the amended tolling provision in effect at the time of trial would result in an improper ex post facto application of the law. *See **Phillips v. State***, 362 S.W.3d 606, 607-08 (Tex. Crim. App. 2011). However, the original limitations period had run for the sexual assault in ***Phillips*** before the

2

1997 amendment became effective, which is why the court held that the 1997 amendment could not start a new limitations period. In contrast, the court of criminal appeals has held that "a statute extending a period of limitation applies to all offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period, although the old period has expired." *Archer v. State*, 577 S.W.2d 244, 244 (Tex. Crim. App. 1979).

In the instant case, the date of the offense was March 15, 1989. As we have stated, the applicable limitations period at the time was ten years, so the case had to be brought on or before March 15, 1999. In 1997, before the limitations period expired, the legislature added Section 12.01(5), establishing the limitations period for sexual assault of a child and aggravated sexual assault of a child as ten years from the eighteenth birthday of the victim of the offense.[2] *See* Act of May 24, 1997, 75th Leg., R.S., ch. 740, §§ 1, 4, 1997 Tex. Gen. Laws 2403 (current version at TEX. CODE CRIM. PROC. art 12.01(1)(B)). The indictment was handed down on June 17, 2010, and at the punishment hearing, the victim of this offense testified that she was twenty-six years old at the time of sentencing. Therefore, under the analysis in *Archer*, the statute of limitations as extended had not run, because the State had until the victim's twenty-eighth birthday to bring its case against Appellant on that offense.

Appellant's sole issue is overruled.

## JUDGMENT

We have also reviewed the judgment and concluded that several items in the judgment should be modified. We have authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Count one of the indictment is the 2010 indecency with a child by contact charge, a second degree felony. Count two is the 1989 aggravated sexual assault of a child under fourteen charge, a first degree felony. The judgment incorrectly states that Appellant was convicted under Texas Penal Code Section 22.021(a)(2)(B) for count one. That section is the correct section for count two.

---

[2] The legislature has subsequently amended the statute, renumbered it, and established that there is currently no limitations period for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B) (West Supp. 2012).

Likewise, the judgment incorrectly reflects that Appellant was convicted under Section 21.11(a)(1) for count two. That section is the correct section for count one. Similarly, the judgment incorrectly lists count one as a first degree felony, the terms of the plea bargain as twenty years of imprisonment, and the actual punishment at twenty years of imprisonment. The judgment incorrectly lists count two as a second degree felony, with a plea bargain and sentence of ten years of imprisonment. Finally, the judgment incorrectly identifies the victim of count one as being six years old at the time of the offense, and the victim in count two as being seven years old at the time of the offense.[3] Those ages should be reversed for each count.

### DISPOSITION

We have overruled Appellant's sole issue. However, we have also identified certain provisions in the judgment that should be modified, and have the necessary information to do so. We *modify* the judgment to read that (1) Appellant was convicted under Texas Penal Code Section 21.11(a)(1) for count one; (2) Appellant was convicted under Texas Penal Code Section 22.021(a)(2)(B) for count two; (3) count one is a second degree felony and count two is a first degree felony; (4) the recommended punishment under Appellant's open plea of guilty was ten years of imprisonment on count one and twenty years on count two; (5) the actual punishment was ten years of imprisonment on count one and twenty years of imprisonment on count two; and (6) the age of the victim was seven years old at the time of the offense for count one, and six years old for the victim in count two. As *modified*, the trial court's judgment is *affirmed*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 12, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] The victim in count one, an eight year old at the time of trial, equivocated when asked how old she was at the time of the incident. This was complicated by the revelation in her testimony at trial that the inappropriate contact occurred many times, and that she was as young as three or four when it first occurred. She later stated she was six or seven when it occurred. But when pressed, she ultimately told the trial court that she was seven years old at the time of the incident. The victim in count two, now an adult, was unequivocal that the abuse happened when she was six years old, and that she made an initial outcry when she was seven years old.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2012**

**NO. 12-11-00158-CR**

**HEZEKIAH STALLWORTH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd Judicial District Court

of Anderson County, Texas. (Tr.Ct.No. 30232)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the trial court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** to read that

(1) Appellant was convicted under Texas Penal Code Section 21.11(a)(1) for count one; (2) Appellant was convicted under Texas Penal Code Section 22.021(a)(2)(B) for count two; (3) count one is a second degree felony and count two is a first degree felony; (4) the recommended punishment under

Appellant's open plea of guilty was ten years of imprisonment on count one and twenty years on count two; (5) the actual punishment was ten years of imprisonment on count one and twenty years of imprisonment on count two; and (6) the age of the victim was seven years old at the time of the offense for count one, and six years old for the victim in count two.

and as ***modified***, the trial court's judgment is ***affirmed***.

It is further ORDERED that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*