**REVERSE and REMAND, and Opinion Filed June 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00196-CR

### THE STATE OF TEXAS, Appellant
### V.
### ROSENDO M. CASTILLO, Appellee

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-11-78**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Richter[1]
Opinion by Justice Brown

The trial court granted appellee Rosendo M. Castillo's motion to dismiss the indictment based on the statute of limitations. In two issues, the State asserts the trial court erred in dismissing the indictment because the offense alleged therein occurred within the applicable statute of limitations, or, alternatively, the trial court erred in not granting its motion to amend the indictment. Because we conclude the trial court erred in dismissing the indictment, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

On February 23, 2011, the grand jury presented an indictment alleging that, on or about November 26, 2005, Castillo committed the offense of identity theft as set out in section 32.51 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 32.51 (West 2011). The indictment shows

---

[1] The Hon. Martin Richter, Justice, Assigned.

it was presented over five years, but less than six years, after the offense was committed. Castillo filed a motion to dismiss asserting the indictment alleged an offense that was barred by limitations because "2005 Texas Code of Criminal Procedure section 12.01 provides that [the] [s]tatute of limitations at the time of the commission of the offense was [three] years." The trial court granted Castillo's motion and dismissed the indictment. In its first issue, the State asserts the trial court erred in dismissing the indictment because the statute of limitations for the offense is seven years. We agree.

Article 27.08(2) of the code of criminal procedure permits a defendant to object to an indictment, and have it dismissed, if the indictment indicates on its face that a prosecution thereunder is barred by the applicable statute of limitations. *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008); TEX. CODE CRIM. PROC. ANN. art. 27.08(2) (West 2006); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (West 2009). Whether a defendant is entitled to dismissal under article 27.08(2) is a question of law subject to de novo review. *State v. Yount*, 853 S.W.2d 6, 15 (Tex. Crim. App. 1993); *see also Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010).

Article 12.01(3)(G) of the code of criminal procedure provides the statute of limitations for identity theft is seven years. *See* TEX. CODE CRIM. PRO. ANN. § 12.01(3)(G) (West 2015). Section 12.01(3)(G) took effect on September 1, 2007.[2] *See* Act of May 21, 2007, 80th Leg., R.S., ch. 640, § 3, 2007 Tex. Gen. Laws 1215, 1216. Therefore, unless the legislature provided otherwise, article 12.01(3)(G) applies to all offenses as of that date. *See Lindsey v. State*, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988); *see also Archer v. State*, 577 S.W.2d 244 (Tex. Crim. App. 1979) (because legislature cannot take away a complete defense that has already accrued,

---

[2] Prior to that time, identity theft did not have a specific statute of limitations and the general three-year statute of limitations for "other felonies" applied. *See* TEX. CODE CRIM. PRO. ANN. § 12.01(7) (West 2015).

2

amended statute of limitations applies to all offense not time barred at the time the amendment was passed). When the legislature passed the seven-year statute of limitations, the only offenses it determined would not be subject to the extended limitations period were those that were already barred when the statute took effect. *See* Act of May 21, 2007, 80th Leg., R.S., ch. 640, § 2. The legislature thus determined the extended limitations period applied to all offenses as far as the United States and Texas Constitutions allow. *See Stogner v. California*, 539 U.S. 607, 633 (2003) (statute which revives a previously time-barred prosecution violates the Ex Post Facto Clause of the United States Constitution); *Phillips v. State,* 362 S.W.3d 606, 611 (Tex. Crim. App. 2011) (Texas Legislature cannot "resurrect" cases already barred by limitations), *overruled on other grounds by Ex parte Heilman,* 456 S.W.3d 159 (Tex. Crim. App. 2015).

Here, it is undisputed that Castillo's prosecution was not time barred when the seven-year statute of limitations took effect.[3] Castillo nevertheless asserts we should affirm the trial court's order because the State waived its argument by not raising it in the trial court. To support his contention, Castillo relies on the principle that an appellate court may not reverse a trial court's decision on a legal theory that was not presented to the trial court and on which it did not have the opportunity to rule. *State v. Bailey*, 201 S.W.3d 739, 743 (Tex. Crim. App. 2006); *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002).

However, by granting Castillo's motion and dismissing the indictment, the trial court determined, as a matter of law, the indictment on its face alleged an offense that was committed outside the applicable statute of limitations. The State is entitled to appeal that ruling, TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West 2006), and we are required to review the ruling

---

[3] We note that Castillo did not assert an ex post facto challenge or otherwise provide a rationale for his reliance on the statute of limitations that applied at the time the offense. Even when a defendant can rely on a former statute of limitations, it is not because we apply the statute of limitations that was in effect "at the time of the offense," but because the legislature may not take away a complete defense that has fully accrued. *See Archer*, 577 S.W.2d at 244; *see also Stogner*, 539 U.S. at 633.

de novo. *Yount*, 853 S.W.2d at 15; *see also State v. Garrett*, 798 S.W.2d 311, 313 (Tex. App.—Houston [1st Dist.] 1990) (State is not required to object to trial court's ruling to preserve its right to appeal dismissal of an indictment), *aff'd*, 824 S.W.2d 181 (Tex. Crim. App. 1992). Reviewing the question presented de novo, the indictment on its face did not indicate prosecution for the offense was barred by the applicable statute of limitations. Therefore, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150196F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-15-00196-CR     V.

ROSENDO M. CASTILLO, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-11-78.
Opinion delivered by Justice Brown. Justices Lang and Richter participating.

Based on the Court's opinion of this date, we **REVERSE** the trial court's order and **REMAND** for further proceedings consistent with this opinion.

Judgment entered this 17th day of June, 2016.