**Johnnie Earl LINDSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 960–86.**

Court of Criminal Appeals of Texas, En Banc.

April 20, 1988.

On Rehearing Nov. 23, 1988.

C. Wayne Huff, Dallas, for appellant.

Henry Wade, Former Dist. Atty. and John Vance, Dist. Atty., and Kathi Alyce Drew, Dick Miller and Winfield Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Carl E.F. Dally, Sp. Asst., State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

The appellant was convicted of aggravated rape under Penal Code § 21.03.[1] From an examination of the appellate record in this cause, it appears that appellant was

---

1. This statute was repealed about two years after commission of the offense alleged in this case, and a substantially identical offense, Aggravated Sexual Assault, created in its place at Penal Code, § 22.021. Section 13 of the legislation responsible for these changes expressly provided:

   (a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act.

   (b) An offense committed before the effective date of this Act is covered by the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

Acts 1983, 68th Leg., p. 5321, ch. 977, § 13, eff. Sept. 1, 1983.

originally indicted on January 3, 1983 in cause number F82–92712, and charged as follows:

> JOHNNIE EARL LINDSEY hereinafter styled Defendant, on or about the 25th day of August, in the year of our Lord One Thousand Nine Hundred and 81 in the County and State aforesaid, did unlawfully, intentionally and knowingly have sexual intercourse with [complainant], hereinafter called victim, a female not his wife without the consent of the victim and by acts, words and deeds placed the victim in fear of death and serious bodily injury to be imminently inflicted on [complainant]

This instrument apparently was intended to allege an offense against Penal Code § 21.03(a)(2), Aggravated Rape, as amended through Acts 1981, 67th Leg., p. 203, ch. 96, § 1, and Acts 1981, 67th Leg., p. 471, ch. 202, § 1, both effective Sept. 1, 1981.[2]

On February 4, 1983, evidently during the pendency of the original indictment, the appellant was again indicted, this time in cause number F8397658, for the following offense, allegedly committed against the same victim on the same date:

> JOHNNIE EARL LINDSEY hereinafter styled Defendant, on or about the 25th day of August in the year of our Lord One Thousand Nine Hundred and 81 in the County and State aforesaid, did unlawfully, intentionally and knowingly have sexual intercourse with [complainant], hereinafter called victim, a female not his wife without the consent of the victim and, intentionally and knowingly, by acts, words and deeds placed the victim in fear of death and serious bodily injury to be imminently inflicted on [complainant]

This instrument also purports to allege a violation of Penal Code § 21.03(a)(2), as amended through September 1, 1983. It

differs from the original indictment only insofar as it alleges that appellant placed the victim in fear of death and serious bodily injury "intentionally and knowingly." From the face of these two instruments it is impossible to tell whether they allege the same or separate offenses. We note, however, that the second indictment contains a typewritten notation reading "Reind. AGG RAPE TBI/2ND."

On March 21, 1983, the appellant was called to trial on the second indictment, after which a jury found him guilty as charged and assessed his punishment at confinement for life in the penitentiary and a $10,000.00 fine. Judgment on the verdict was entered March 24, 1983, and the appellant gave notice of appeal. One day later the State moved to dismiss prosecution under the first indictment, reciting that the case had been reindicted as F83–97658–UN, a cause number very much like that of the second indictment, and that appellant had been convicted on March 24, 1983. A handwritten notation on the State's motion suggests that the first indictment was in fact dismissed. From these circumstances it seems probable that both indictments were meant to charge the same offense.

On appeal, the appellant challenged his conviction because the statutory offense for which he was convicted did not exist at the time it was allegedly committed. Specifically, he maintained that the 1981 amendments to Penal Code § 21.03, under which he was prosecuted, did not become effective until September 1, 1981, seven days after the alleged August 25, 1981 date of the offense. Moreover, the Legislature had expressly provided that "[a]n offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose." Acts 1981, 67th Leg., p. 203, ch. 96, § 4(b).[3]

---

**2.** As of September 1, 1981, but not before, the statute provided in pertinent part that:

> (a) A person commits an offense if he commits rape as defined in Section 21.02 of this Code … and he:
>
> .    .    .    .    .
>
> (2) by acts, words, or deeds places the victim in fear of death, serious bodily injury, or

kidnapping to be imminently inflicted on anyone; …

**3.** Similar savings provisions were included by the Legislature in Acts 1981, 67th Leg., p. 472, ch. 202, § 5, the other Act amending Penal Code, § 21.03 effective September 1, 1981.

Such former law, Penal Code § 21.03(a)(2) before the 1981 amendments, provided that:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code ... and he:

.   .   .   .   .

(1) compels submission to the rape by threat·of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

See, Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974.

Thus, at the time of appellant's allegedly criminal conduct, a person might not be found guilty of aggravated rape for merely placing the victim in fear of death or serious bodily injury, as under the new law. He must also have compelled submission to the rape by a threat of death or serious bodily injury. In effect, the appellant claimed, the law controlling at the time of his allegedly criminal conduct required proof of an element not required under the law as amended after such time.

The Dallas Court of Appeals agreed. Although appellant's conduct might have constituted aggravated rape under either version of the statute, the Court reasoned, application of the 1981 version to appellant "substantially expanded his criminal liability." Consequently, the Court held that "[a]ppellant was charged and convicted under an impermissible ex post facto application of amended section 21.03." The case was reversed and remanded to the trial court. *Lindsey v. State*, 672 S.W.2d 892 (Tex.App. 5th Dist.1984). We refused the State's petition for discretionary review, and the Court of Appeals issued its mandate on May 1, 1985 remanding the cause "for further proceedings in accordance with the opinion of this Court." [4]

Approximately three weeks later, on May 23, 1985, the appellant was again indicted for the aggravated rape of the same complainant, allegedly committed on the same date set forth in the previous two indictments.[5] This time, in cause number F8597405 UNV, the State charged that:

JOHNNIE EARL LINDSEY hereinafter styled Defendant, on or about the 25th day of AUGUST in the year of our Lord One Thousand Nine Hundred and 81 in the County and State aforesaid, did unlawfully, knowingly and intentionally have sexual intercourse with [complainant], hereinafter called complainant, a female not the wife of the defendant, without the consent of the complainant, and the defendant did knowingly and intentionally compel the complainant to submit to the rape by threat of serious bodily injury to be imminently inflicted on the complainant

This latest indictment purported to charge a violation of Penal Code § 21.03(a)(2), Aggravated Rape, as it existed when the offense in question was allegedly committed and prior to the effective date of the 1981 amendments. Therefore, unlike the previous indictments, it did not charge the appellant with a statutory offense which wasn't in existence at the time of his allegedly criminal conduct. Once again, however, it is not apparent from the indictment's face that it denounces the same criminal conduct as the previous indictments, although it does contain a typewritten notation, like that appearing on the second indictment, which reads "REIND AGG RAPE TBI/2ND."

Upon this indictment the appellant went to trial for the second time, and was again found guilty by a jury. His punishment

---

**4.** As always, the refusal of this Court to review the decision of a court of appeals implies neither approval nor disapproval of the lower court's opinion. In the instant cause we simply accept the opinion of the Fifth Court of Appeals as reflecting the actual posture in which the case arrived back in the trial court after remand.

**5.** The State maintains in its brief before this Court that the indictment was returned on May

23, 1985. For purposes of analysis, we will accept this date, especially since the clerk's file stamp corroborates it. The appellant asserts in his brief that the indictment was filed on May 29, 1985, and is supported in this by the court's trial docket. On its face, the indictment reflects a filing date of February 4, 1983 and that the indictment was presented by the Grand Jurors "to the Criminal District Court, No. 3 of Dallas, County, at the APRIL Term, A.D., 1985"

this time was assessed at life confinement in the penitentiary and a fine of $5,000.00. Judgment was entered on August 28, 1985. The State then filed a written motion to dismiss prosecution in F83–97658–UNV, a cause number similar to that of the second indictment mentioned hereinabove, alleging that the case had been reindicted as F85–97405–JNV, a cause number similar to that of the case in which appellant was convicted on August 28, 1985. These circumstances render it probable that the indictment upon which appellant was last convicted charged the same criminal misconduct as the previous indictment, and because both parties aver in their briefs that such is indeed the case, we accept it for purposes of analysis.

During trial, immediately following conclusion of the State's case-in-chief, the appellant moved for an instructed verdict of not guilty, apparently upon the ground either that the prosecution was barred by limitations or that the State had not pled and proved otherwise.[6] The motion was promptly overruled, and the State did not thereafter offer evidence to show that the applicable period of limitations had been tolled. Evidently, both prosecuting attorney and trial judge were of the opinion that the statute of limitations applicable to the offense in question was five years.

On direct review, the Court of Appeals agreed. In an unpublished opinion, the Court disposed of appellant's contention in a single paragraph:

> In his third ground of error, Lindsey contends that the action was barred by the statute of limitations. At the time of the offense, August 25, 1981, the statute of limitations for rape was three years. Lindsey contends that a subsequent amendment of the statute, effective September 1, 1983, extending the limitations period to five years, cannot be applied to an offense previously committed. TEX. CODE CRIM.PROC.ANN. art. 12.01 (Vernon 1974). Therefore, according to Lindsey's argument, the re-indictment on May 23, 1985, came too late. However, in *Archer v. State*, 577 S.W.2d 244 (Tex. Cr.App.1979), the Texas Court of Criminal Appeals held that a statute extending a period of limitation applies to all offenses not barred at the time of passage of the act, so that a prosecution may be commenced at any time within the newly established period, although the old period of limitations may have expired. *Id.* Lindsey's third ground of error is overruled.

*Lindsey v. State,* Tex.App. 5th Dist., No. 05–85–00983–CR, delivered July 7, 1986.

The Court of Appeals did not, however, specifically identify the 1983 amendment controlling disposition of the question presented, and there appears to have been some confusion between the parties regarding the existence of a statute expressly

---

6. The entire motion, as orally stated in the record, was as follows:

"[T]he defendant will show at the time of the commission of the offense which he is charged, the statute of limitations for said offense was a period of three years.

"Further show the Court that the time of the commission of the offense under the law in which he was convicted at that time or its alleged to have violated at that time the statute of limitations was not changed from three years until 1983 when it was then and there made five years.

"At that point the defendant's conduct was not barred. But in 1984, three years after the commission of this offense, his conduct was barred. [NOTE: Most likely, defense counsel meant to say 'prosecution,' not 'conduct.']

"Your Honor, the state has not proved that the statute of limitations has been tolled; moreover, they could not prove it since it has not been alleged in the new indictment that the statute of limitations has been tolled to the extent that the state should argue that it was permissible for the legislature to increase the statute of limitations since the period had not expired since the time the legislature acted.

"The defendant would argue and object to the introduction of such testimony or to the continued prosecution of this case for the reasons that such a ruling from the Court that the statute took effect and thereby increased the period of limitations would in effect be an ex post facto law, be inapplicable to this case because the statute of limitations increased by the legislature did not act upon a statute which was even in existence at the time the legislature acted because the statute itself, the statute in the instant offense had been completely changed by the legislature in 1981, some nine or ten days after the commission of this offense.

"And for these reasons we move the Court to instruct a verdict of not guilty in this case."

providing a period of limitations after September 1, 1983 for the repealed offense of aggravated rape. We granted appellant's petition for discretionary review to further explain our holding in *Archer* and to unravel the mystery of the 1983 amendments to Art. 12.01, V.A.C.C.P.

■ In *Archer v. State*, 577 S.W.2d 244 (Tex.Cr.App.1979), we held that the Legislature is not prohibited from extending the statute of limitations for prosecution of a criminal offense after the offense has been committed but before expiration of the original limitations period. We did not hold that the Legislature is required to do so when it extends the limitation period for a whole class of such offenses. Clearly, the Legislature has authority to provide that statutory amendments be given only prospective effect. In those cases where the Legislature has clearly expressed such an intention, *Archer* should not be read to authorize prosecution in the teeth of express statutory provisions to the contrary. E.g. *Hill v. State*, 171 S.W.2d 880 (Tex.Cr. App.1943).

In the instant cause, both parties agree that on August 25, 1981, the date of the alleged offense, the limitation period for prosecution of aggravated rape was three years. At that time, Art. 12.01, V.A.C.C.P. (emphasis added), provided in its entirety that:

Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

(1) no limitation: murder and manslaughter;

(2) ten years from the date of the commission of the offense:

(A) theft of any estate, real, personal or mixed, by an executor, administrator, guardian or trustee, with intent to defraud any creditor, heir, legatee, ward, distributee, beneficiary or settlor of a trust interested in such estate;

(B) theft by a public servant of government property over which he exercises control in his official capacity;

(C) forgery or the uttering, using or passing of forged instruments;

(3) five years from the date of the commission of the offense:

(A) theft, burglary, robbery;

(B) arson;

(4) *three years from the date of the commission of the offense: all other felonies.*

At that time, Art. 12.03, V.A.C.C.P. provided, in pertinent part, that:

(d) Any offense that bears the title "aggravated" shall carry the same limitation period as the primary crime.

Effective September 1, 1983, the Legislature repealed Penal Code, § 21.03, the aggravated rape statute, and created in its stead the offense of aggravated sexual assault, Penal Code, § 22.021. However, the repealed statute was expressly continued in effect for offenses, such as the one with which appellant is charged, committed prior to September 1, 1983. See note 1 *ante*. At that time the Legislature also amended Art. 12.01(3), V.A.C.C.P., by adding a subparagraph (C) to prescribe a limitation period for the prosecution of offenses under the new sexual assault statute as follows:

(3) five years from the date of the commission of the offense:

.     .     .     .     .

*(C) sexual assault;*

Acts 1983, 68th Leg., p. 5317, ch. 977, § 7, eff. Sept. 1, 1983. Art. 12.03(d), V.A.C. C.P., was not amended. Accordingly, the statute of limitations for the new statutory offense of aggravated sexual assault was also effectively fixed at a period of five years.

Appellant argues that the foregoing amendment did not extend the limitation period for prosecution of aggravated rape offenses because aggravated sexual assault is not the same offense as aggravated rape and because, in any event, the savings provision set out at note 1, *ante*, continued in effect the three year limitation period for offenses committed before the effective date of the amendment. For its part, the State argues that an aggravated rape by any name is still an aggravated sexual assault and, without alluding to the savings provision relied upon by appellant, urges

**654**

that *Archer* is sufficient authority against appellant's position. We think it obvious that appellant has the better of this argument.

■ Nevertheless, both parties have evidently overlooked Acts 1983, 68th Leg., p. 413, ch. 85, § 1, also effective September 1, 1983. That legislation also amended Art. 12.01(3), V.A.C.C.P. by adding a subparagraph (C), but this time to prescribe a new limitation period for the prosecution of offenses under the old rape and aggravated rape statutes, as follows:

(3) five years from the date of the commission of the offense:

.     .     .     .     .

*(C) rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child, sexual abuse of a child;*

Section 2(b) of that Act, apropos the question presented in the instant cause, provided:

This Act does not apply to an offense, the prosecution of which became barred by limitations on or before August 31, 1983. The prosecution of such an offense remains barred, as though this Act had not taken effect.

Neither the Code Construction Act, Chapter 311, Government Code, nor existing statutory provisions for the construction of laws set out in Chapter 312, Government Code, expressly apply to interpretation of the Code of Criminal Procedure. If they did, however, it would be clear that both Acts of the 68th Legislature amending Art. 12.01, V.A.C.C.P. by adding a subsection (3)(C) can be harmonized and effect given to each. In short, they are far from irreconcilable. See Government Code § 311.025(b). Moreover, consideration of the "object sought to be attained" by each statute and the "circumstances under which ... [each] statute was enacted," rather plainly establishes that they are not at odds with one another. See Government Code § 311.023(1), (2).

Of course, such considerations are also of importance in the interpretation of laws not expressly made subject to the Code Construction Act. No one will seriously

contend that our lawmakers, in Acts 1983, 68th Leg., p. 413, ch. 85, § 1, did not intend to extend the period of limitations for the offense of aggravated rape. Likewise, no one will maintain that, in Acts 1983, 68th Leg., p. 5317, ch. 977, § 7, the Legislature did not intend to establish a period of limitations for the newly created offenses of sexual assault and aggravated sexual assault. The two enactments thus have different, although related, objectives.

The offense of aggravated rape was abolished prospectively, but continued in effect for the prosecution of crimes committed before the creation of aggravated sexual assault as a successor statutory offense. Although the two statutory offenses cover much the same ground, they are conceptually and legally different, and each requires its own statute of limitations. In 1983, the Legislature extended the limitations period for aggravated rape and created a limitations period for aggravated sexual assault, in both cases by adding a subsection (3)(C) to Art. 12.01, V.A.C.C.P. To hold that the second of these enactments effectively repealed the first, for no better reason than that they both were given the same section number in the Code of Criminal Procedure, would be to deliberately frustrate the Legislature's unambiguously expressed purpose by construing to be in conflict that which is manifestly harmonious. We, therefore, hold that both statutes should be fully effectuated according to their plain import.

Even under the three year limitation period applicable on August 25, 1983, the date of the alleged offense, prosecution of appellant was not barred as of August 31, 1983. Since under *Archer* the Legislature may lawfully extend the period of limitation for an offense so long as it is not yet barred under the previous statute, and because the Legislature evidently chose to do so in Chapter 85 of the 1983 Regular Session for the offense with which appellant was charged, the limitation period applicable to appellant's offense was extended to five years, effective September 1, 1983.

Although in the next session the Legislature effectively repealed this enactment,

arguably restoring the period of limitation for aggravated rape to three years, the change came only after the appellant had been indicted for the last time in this cause. Acts 1985, 69th Leg., ch. 330, § 1, eff. August 26, 1985. On May 23, 1985 the statute of limitations for aggravated rape was five years. Consequently, the indictment here in question shows on its face that it was returned within the applicable period of limitation, and the trial judge did not err in overruling appellant's motion for instructed verdict.

Accordingly, the judgment of the Fifth Court of Appeals is affirmed.

ONION, P.J., and CLINTON, McCORMICK and DUNCAN, JJ., dissent.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

W.C. DAVIS, Judge.

In our original opinion in this cause delivered on April 20, 1988, we held that the two amendments of Article 12.01(3)(C), which became effective September 1, 1983 were harmonious and each may be given effect.

The first amendment, Acts 1983, 68th Leg. p. 413, ch. 85, § 1 eff. Sept. 1, 1983, lengthened the statute of limitations for aggravated rape to five years. The amendment is captioned "relating to the period of limitation applicable to a prosecution for certain offenses involving sexual conduct; amending Article 12.01, Code of Criminal Procedure, 1965."

The second amendment, Acts 1983, 68th Leg. p. 5317 ch. 977 § 7 eff. Sept. 1, 1983, created the offense of sexual assault and abolished the offense of rape prospectively. The amendment is captioned "relating to the offense of rape, aggravated rape ... redefining those offenses as assaultive offenses and revising the elements of, penalties for, and period of limitation applicable to those offenses...." The statute of limitations provided for sexual assault was five years and for all other felonies three years.

The issue appellant presents us is whether this second amendment impliedly repeals the first amendment, thus creating a three year statute of limitations for the old offense of aggravated rape. Judge Teague, writing for the Court, held on original submission that the first amendment was not impliedly revoked by the second. The effect of the second amendment was to create a new offense and abolish rape *prospectively*. Therefore, the first amendment did create a new statute of limitations for aggravated rape which applied to appellant under *Archer v. State,* 577 S.W.2d 244 (Tex.Cr.App.1979). Consequently, appellant was tried within the five year statute of limitations applicable at the time of his indictment.

After further review, we find that the decision reached on original submission is correct.

ONION, P.J., and CLINTON, CAMPBELL and DUNCAN, JJ., dissent.