William R. GRIFFITTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–00716–CR.

Court of Appeals of Texas,
Dallas.

May 7, 1990.

Roger V. Dickey, McKinney, for appellant.

Michael D. Curran, McKinney, for appellee.

Before WHITHAM, ROWE and BAKER, JJ.

OPINION

WHITHAM, Justice.

Appellant appeals a conviction for misapplication of fiduciary property. In his first point of error, appellant contends that the trial court erred by not dismissing the indictment because the statute of limitations had run on the offense for which appellant stood charged. We agree. Accordingly, we reverse and dismiss the indictment.

The sole issue raised under appellant's first point of error is whether a three year statute of limitations as of March 1, 1983, is applicable or whether a ten year statute of limitations as of March 1, 1983, is applicable. We refine the issue by pointing out what is not involved in our determination. The State does not contend that there exists a statute specifically fixing a limitation period for the offense identified and described in section 32.45(b) of the penal code. TEX.PENAL CODE ANN. § 32.45(b) (Vernon 1989). The State does not contend that a statute allows prosecution to be commenced at any time within a newly established period, although the old period of limitations may have expired. It is undisputed that the indictment was not presented within three years of commission of the offense as alleged in the indictment. The State did not allege factors tolling the three year statute of limitations. The State offered no evidence tolling the three year statute of limitations. The State does not dispute that appellant timely and prop-

erly raised with the trial court the application of the three year statute of limitations.

The indictment presented *January 18, 1989,* charged that appellant on or about *March 1, 1983,* did then and there:

Intentionally and knowingly misapply property he held as a fiduciary in a manner that involved substantial risk of loss to the owner, JANICE E. VAUGHN, in that said Defendant, WILLIAM R. GRIFFITTS, was a Receiver appointed by the 199th Judicial District Court of Collin County, Texas, in Cause No. 78–019–199 styled JANICE E. VAUGHN, ET AL V. SHELLEY RENEE VAUGHN, ET AL, and said Defendant, WILLIAM R. GRIFFITTS, delivered property of said Receivership to JEAN RUBEDE without taking any collateral to secure the return of the assets to the Receivership, and said property delivered by said Defendant, WILLIAM R. GRIFFITTS, was of an amount greater than Ten Thousand and no/100ths Dollars ($10,000.00).

Thus, appellant was charged with an offense under section 32.45(b) of the penal code which provided:

A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.

TEX.PENAL CODE ANN. § 32.45(b). Therefore, we conclude that section 32.45(b) is the applicable penal code provision. Next, we consider the period of limitation.

Section 12.01 of the code of criminal procedure in effect on March 1, 1983, read:

Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

(1) no limitation: murder and manslaughter;

(2) ten years from the date of the commission of the offense:

(A) theft of any estate, real, personal or mixed, by an executor, administrator, guardian or trustee, with intent to defraud any creditor, heir, legatee, ward,

distributee, beneficiary or settlor of a trust interested in such estate;

(B) theft by a public servant of government property over which he exercises control in his official capacity;

(C) forgery or the uttering, using or passing of forged instruments;

(3) five years from the date of the commission of the offense:

(A) theft, burglary, robbery;

(B) arson;

(4) three years from the date of the commission of the offense: *all other felonies.*

TEX.CODE CRIM.PROC.ANN. art. 12.01 (Vernon 1981) (emphasis added); *see Lindsey v. State,* 760 S.W.2d 649, 653 (Tex.Crim.App. 1988). The State asserts that the applicable period of limitations is ten years as provided by section 12.01(2)(A) of the code of criminal procedure. This assertion constitutes the State's sole response to appellant's contention that the period of limitation is three years under the "all other felonies" provision of section 12.01(4). The State argues that the indictment alleges theft of any estate, real, personal or mixed, by an executor, administrator, guardian or trustee, with intent to defraud any creditor, heir, legatee, ward, distributee, beneficiary or settlor of a trust interested in such estate within the meaning of section 12.-01(2)(A). We disagree. Instead, we conclude that the indictment on its face charges that appellant, as a court appointed receiver, intentionally and knowingly misapplied property he held as a fiduciary in a manner that involved substantial risk of loss to the owner, Janice E. Vaughn.

In the absence of a statute fixing a limitation period for a violation of section 32.-45(b) of the penal code, we conclude that the applicable period of limitation for an offense charged under section 32.45(b) of the penal code is the three year period provided by section 12.01(4) of the code of criminal procedure. *See Cooper v. State,* 527 S.W.2d 563, 565 (Tex.Crim.App.1975). It is undisputed that the indictment in the present case was not presented within three years from the commission of the offense. Thus, we conclude that the trial

court erred by not dismissing the indictment. We reach this conclusion because the statute of limitations had run on the offense for which appellant stood charged. We sustain appellant's first point of error, reverse the trial court's judgment, and dismiss the indictment.