

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00346-CR

**WILLIAM RAY PHILLIPS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-69-C2**

## MEMORANDUM OPINION

William Ray Phillips was charged by indictment with twelve felony offenses (aggravated sexual assault, indecency with a child, aggravated sexual abuse, and aggravated rape of child). A jury found him guilty on all twelve counts and assessed the maximum punishments for each felony (ten, twenty, and ninety-nine years, respectively). The trial court entered twelve separate judgments. Asserting four issues, Phillips appeals. We will affirm.

**Limitations**

Phillips was charged with sexual offenses against his daughter, S., allegedly committed on or about October 1, 1982 through November 1, 1983. S. was born on January 26, 1979, and Phillips was indicted on January 10, 2007, just before her 28th birthday. The trial judge instructed the jury that the indictment had to have been filed not more than ten years after S. turned eighteen.

Phillips's first issue complains that the ex post facto provisions of the Texas and U.S. constitutions were violated because the applicable statutes of limitations had expired and subsequently amended statutes of limitations were retroactively applied. The State responds that Phillips failed to preserve his complaint for appeal because his issue is not one of retroactive application, but of application of an allegedly improper statute. We will assume without deciding that Phillips's claim is properly before us and proceed to its merits.

The legislature may extend the statute of limitations for prosecution of a criminal offense after the offense has been committed but before the expiration of the original limitations period. *Lindsey v. State*, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988). At the time the alleged sexual molestations began, the statute of limitations for sexual assault in article 12.01 of the Code of Criminal Procedure was that of "all other felonies," three years from the commission of the offense. *See* Act of May 15, 1975, 64th Leg., R.S., ch. 203, § 5, 1975 Tex. Gen. Laws 476, 478. Article 12.01 was amended in April 1983 (to take effect September 1, 1983) to provide a five-year statute of limitations for "rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child, [and] sexual

abuse of a child." Act of April 21, 1983, 68th Leg., R.S., ch. 85, §§ 1-2, 1983 Tex. Gen. Laws 413, 413-14 (also providing that it does not apply to an offense whose prosecution became barred by limitations on or before Aug. 31, 1983); *see also* Act of May 27, 1983, 68th Leg., R.S., ch. 977, §§ 7, 14, 1983 Tex. Gen. Laws 5311, 5318, 5321 (five-year limitation for "sexual assault," to take effect Sept. 1, 1983). In 1985, article 12.01 was amended again, this time to remove the language in the Act of April 21, 1983 and to add "indecency with a child" to the five-year statute. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 330, § 1, 1985 Tex. Gen. Laws 1393. It likewise provided that the amended statute did not apply to an offense if prosecution of that offense became barred by limitations as of the passage of the amended statute. *See id.* §§ 2, 3, 1985 Tex. Gen. Laws 1393.

In 1987, article 12.01 was amended yet again, this time providing a ten-year statute of limitations for sexual assault of a child and indecency with a child and taking effect September 1, 1987. *See* Act of May 31, 1987, 70th Leg., R.S., ch. 716, § 1, 1985 Tex. Gen. Laws 2591. That amendment provided as well that it did not apply to an offense if prosecution of that offense became barred by limitations before September 1, 1987. *See id.* §§ 2, 3, 1987 Tex. Gen. Laws 2591. The statute of limitations for the current version of article 12.01 was added in 1997; for indecency with a child, sexual assault of a child, and aggravated sexual assault of a child, it is ten years from the 18th birthday of the victim of the offense, and it took effect September 1, 1997. *See* Act of May 24, 1997, 75th Leg., R.S., ch. 740, §§ 1, 4, 1997 Tex. Gen. Laws 2403 (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (Vernon Supp. 2008)). It likewise provided that it did not apply to an

offense if prosecution of that offense became barred by limitations before September 1, 1997. *See id.* § 3, 1997 Tex. Gen. Laws 2403.

We agree with the State that, under *Lindsey*, if the charged offenses were committed within three years of the statute of limitations effective September 1, 1985, they can be carried forward under each successive amendment to article 12.01 so that they are ultimately covered by the latest period, which is ten years after the victim's 18th birthday.

The evidence shows that S., who was born in January 1979, recounted four separate episodes of sexual assaults that occurred during visits to Phillips's home, and the earliest visit would have occurred in March of 1983. Thus, each of the three episodes that formed the basis for the twelve counts in the indictment occurred on or after September 1, 1982. Because the evidence showed that alleged offenses occurred within three years of the 1985 amendment to article 12.01, the statute of limitations had not expired, the successive amendments were applicable, and the prosecution was never time-barred. The indictment was thus timely issued, and no ex post facto violation is shown. We overrule the first issue.

## Sufficiency of the Evidence

Phillips's next two issues complain about the legal and factual sufficiency of the evidence of the guilty verdicts on various counts under the statutes in effect at the time of the offenses. More specifically, in his second issue, Phillips argues that the aggravating element—the victim being under the age of fourteen—was added to the penal code effective September 1, 1981, and if the offenses alleged in Counts 1, 2, and 6

occurred before September 1, 1981, there could not have been an aggravated crime under former Penal Code sections 21.03 and 21.05, as alleged. *See* Act of May 12, 1981, 67th Leg., R.S., ch. 202, §§ 1, 2, 6, 1981 Tex. Gen. Laws 471, 471-72. With respect to Counts 7, 8, and 12, former Penal Code section 21.05 was repealed and replaced by section 22.021, effective September 1, 1983. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 977, §§ 3, 14, 1983 Tex. Gen. Laws 5311, 5315, 5321 (current version at TEX. PEN. CODE ANN. § 22.021 (Vernon Supp. 2008)). The State concurs with Phillips's set up but not with his complaint that the evidence is legally and factually insufficient to prove that the offenses occurred on or after September 1, 1981 and September 1, 1983, respectively.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the

evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7. The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence*," 69 TEXAS L. REV. 515, 519 (1991)). The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the factfinder's weighing of the evidence and disagree with the factfinder's determination. *Watson*, 204 S.W.3d at 416-17.

Phillip's ex-wife testified that they moved to a house on Ruby Avenue in Waco in March of 1983. S. and her sister visited Phillips there multiple times, with the visits spaced roughly six to nine months apart and the first visit occurring in March of 1983 at the earliest. None of the criminal conduct that S. testified about in this first visit form the basis of the charged offenses, and Phillips's ex-wife estimated that the second visit would have occurred in September of 1983, if not later. Thus, there is legally and factually sufficient evidence to prove that each of the three episodes that S. recounted and that form the basis for the counts at issue occurred after September 1, 1983. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that these offenses were committed after September 1, 1983. And considering all of the evidence in a neutral light, we find that the evidence is factually sufficient. The proof of guilt is not so weak

nor the conflicting evidence so strong as to render the jury's verdict clearly wrong and manifestly unjust. Because the evidence is legally and factually sufficient, we overrule Phillip's second and third issues.

## Jury Instruction

Phillips's fourth issue asserts that the trial court's instruction in the punishment charge that the jury should not let "sympathy" affect its deliberations and verdict is constitutional error that caused egregious harm in this non-capital case. We have recently decided this issue against Phillips's position and see no occasion to revisit our ruling. *See Wilson v. State,* 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd) (citing *Saffle v. Parks,* 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not "be allowed to base the sentencing decision upon the sympathy they feel for the defendant after hearing his mitigating evidence.")). Phillips's fourth issue is overruled.

We affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed August 26, 2009
Do not publish
[CRPM]