IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00346-CR

 

William Ray Phillips,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2007-69-C2

 



MEMORANDUM  Opinion



 

            William Ray Phillips was charged
by indictment with twelve felony offenses (aggravated sexual assault, indecency
with a child, aggravated sexual abuse, and aggravated rape of child).  A jury
found him guilty on all twelve counts and assessed the maximum punishments for
each felony (ten, twenty, and ninety-nine years, respectively).  The trial
court entered twelve separate judgments.  Asserting four issues, Phillips
appeals.  We will affirm.

 

Limitations

            Phillips was charged with
sexual offenses against his daughter, S., allegedly committed on or about
October 1, 1982 through November 1, 1983.  S. was born on January 26, 1979, and
Phillips was indicted on January 10, 2007, just before her 28th birthday.  The
trial judge instructed the jury that the indictment had to have been filed not
more than ten years after S. turned eighteen.

Phillips’s first issue complains that
the ex post facto provisions of the Texas and U.S. constitutions were violated
because the applicable statutes of limitations had expired and subsequently
amended statutes of limitations were retroactively applied.  The State responds
that Phillips failed to preserve his complaint for appeal because his issue is
not one of retroactive application, but of application of an allegedly improper
statute.  We will assume without deciding that Phillips’s claim is properly
before us and proceed to its merits.

The legislature may extend the statute
of limitations for prosecution of a criminal offense after the offense has been
committed but before the expiration of the original limitations period.  Lindsey
v. State, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988).  At the time the
alleged sexual molestations began, the statute of limitations for sexual
assault in article 12.01 of the Code of Criminal Procedure was that of “all
other felonies,” three years from the commission of the offense.  See Act
of May 15, 1975, 64th Leg., R.S., ch. 203, § 5, 1975 Tex. Gen. Laws 476, 478. 
Article 12.01 was amended in April 1983 (to take effect September 1, 1983) to
provide a five-year statute of limitations for “rape, aggravated rape, sexual
abuse, aggravated sexual abuse, rape of a child, [and] sexual abuse of a
child.”  Act of April 21, 1983, 68th Leg., R.S., ch. 85, §§ 1-2, 1983 Tex. Gen. Laws 413, 413-14 (also providing that it does not apply to an offense whose
prosecution became barred by limitations on or before Aug. 31, 1983); see
also Act of May 27, 1983, 68th Leg., R.S., ch. 977, §§ 7, 14, 1983 Tex. Gen.
Laws 5311, 5318, 5321 (five-year limitation for “sexual assault,” to take
effect Sept. 1, 1983).  In 1985, article 12.01 was amended again, this time to
remove the language in the Act of April 21, 1983 and to add “indecency with a
child“ to the five-year statute.  See Act of May 17, 1985, 69th Leg.,
R.S., ch. 330, § 1, 1985 Tex. Gen. Laws 1393.  It likewise provided that the
amended statute did not apply to an offense if prosecution of that offense
became barred by limitations as of the passage of the amended statute.  See
id. §§ 2, 3, 1985 Tex. Gen. Laws 1393.

In 1987, article 12.01 was amended yet
again, this time providing a ten-year statute of limitations for sexual assault
of a child and indecency with a child and taking effect September 1, 1987.  See
Act of May 31, 1987, 70th Leg., R.S., ch. 716, § 1, 1985 Tex. Gen. Laws 2591.  That
amendment provided as well that it did not apply to an offense if prosecution
of that offense became barred by limitations before September 1, 1987.  See
id. §§ 2, 3, 1987 Tex. Gen. Laws 2591.  The statute of limitations for the
current version of article 12.01 was added in 1997; for indecency with a child,
sexual assault of a child, and aggravated sexual assault of a child, it is ten
years from the 18th birthday of the victim of the offense, and it took effect
September 1, 1997.  See Act of May 24, 1997, 75th Leg., R.S., ch. 740, §§
1, 4, 1997 Tex. Gen. Laws 2403 (current version at Tex. Code Crim. Proc. Ann. art. 12.01(5) (Vernon Supp. 2008)). 
It likewise provided that it did not apply to an offense if prosecution of that
offense became barred by limitations before September 1, 1997.  See id.
§ 3, 1997 Tex. Gen. Laws 2403.

We agree with the State that, under Lindsey,
if the charged offenses were committed within three years of the statute of
limitations effective September 1, 1985, they can be carried forward under each
successive amendment to article 12.01 so that they are ultimately covered by
the latest period, which is ten years after the victim’s 18th birthday.

            The evidence shows that S.,
who was born in January 1979, recounted four separate episodes of sexual
assaults that occurred during visits to Phillips’s home, and the earliest visit
would have occurred in March of 1983.  Thus, each of the three episodes that
formed the basis for the twelve counts in the indictment occurred on or after
September 1, 1982.  Because the evidence showed that alleged offenses occurred
within three years of the 1985 amendment to article 12.01, the statute of
limitations had not expired, the successive amendments were applicable, and the
prosecution was never time-barred.  The indictment was thus timely issued, and
no ex post facto violation is shown.  We overrule the first issue.

Sufficiency of the Evidence

            Phillips’s next two issues
complain about the legal and factual sufficiency of the evidence of the guilty
verdicts on various counts under the statutes in effect at the time of the
offenses.  More specifically, in his second issue, Phillips argues that the
aggravating element—the victim being under the age of fourteen—was added to the
penal code effective September 1, 1981, and if the offenses alleged in Counts
1, 2, and 6 occurred before September 1, 1981, there could not have been an
aggravated crime under former Penal Code sections 21.03 and 21.05, as alleged. 
See Act of May 12, 1981, 67th Leg., R.S., ch. 202, §§ 1, 2, 6, 1981 Tex.
Gen. Laws 471, 471-72.  With respect to Counts 7, 8, and 12, former Penal Code
section 21.05 was repealed and replaced by section 22.021, effective September
1, 1983.  See Act of May 29, 1983, 68th Leg., R.S., ch. 977, §§ 3, 14, 1983
 Tex. Gen. Laws 5311, 5315, 5321 (current version at Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2008)).  The State
concurs with Phillips’s set up but not with his complaint that the evidence is
legally and factually insufficient to prove that the offenses occurred on or
after September 1, 1981 and September 1, 1983, respectively.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most favorable
to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Adelman
v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).  Any inconsistencies
in the evidence are resolved in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask
whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder’s verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
“The court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7.  The
appellate court “does not indulge in inferences or confine its view to evidence
favoring one side of the case.  Rather, it looks at all the evidence on both
sides and then makes a predominantly intuitive judgment. . . .”  Id. (quoting William Powers and Jack Ratliff, Another Look at “No Evidence” and
“Insufficient Evidence,” 69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s
determination.  Watson, 204 S.W.3d at 416-17.

Phillip’s ex-wife testified that they
moved to a house on Ruby Avenue in Waco in March of 1983.  S. and her sister
visited Phillips there multiple times, with the visits spaced roughly six to
nine months apart and the first visit occurring in March of 1983 at the
earliest.  None of the criminal conduct that S. testified about in this first
visit form the basis of the charged offenses, and Phillips’s ex-wife estimated
that the second visit would have occurred in September of 1983, if not later.  Thus,
there is legally and factually sufficient evidence to prove that each of the
three episodes that S. recounted and that form the basis for the counts at
issue occurred after September 1, 1983.  Viewing the evidence in the light most
favorable to the verdict, we find that a rational trier of fact could have
found beyond a reasonable doubt that these offenses were committed after
September 1, 1983.  And considering all of the evidence in a neutral light, we
find that the evidence is factually sufficient.  The proof of guilt is not so
weak nor the conflicting evidence so strong as to render the jury’s verdict
clearly wrong and manifestly unjust.  Because the evidence is legally and
factually sufficient, we overrule Phillip’s second and third issues.

Jury Instruction

 

        Phillips’s fourth
issue asserts that the trial court’s instruction in the punishment charge that
the jury should not let “sympathy” affect its deliberations and verdict is
constitutional error that caused egregious harm in this non-capital case.  We
have recently decided this issue against Phillips’s position and see no
occasion to revisit our ruling.  See Wilson v. State, 267
S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref’d) (citing Saffle v.
Parks, 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not “be allowed
to base the sentencing decision upon the sympathy they feel for the defendant
after hearing his mitigating evidence.”)).  Phillips’s fourth
issue is overruled.

We affirm the trial court’s judgments.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 26, 2009

Do
not publish

[CRPM]






e affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 14, 1998
Do not publish