**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2012

Lyle W. Cayce
Clerk

No. 11-20285
Summary Calendar

MANDELL RHODES, JR.,

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN; BRAD LIVINGSTON; BECKY PRICE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2508

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mandell Rhodes, Jr., Texas prisoner # 307498, was convicted of aggravated rape in 1980 and sentenced to 50 years of imprisonment. After Rhodes was convicted, the aggravated rape statute was amended in 1981 and again in 1983, and the offense became known as aggravated sexual assault. *See Griffith v. State*, 116 S.W.3d 782, 787–88 (Tex. Crim. App. 2003); *Lindsey v. State*, 760 S.W.2d 649, 649–51 (Tex. Crim. App. 1988). Proceeding pro se and in forma pauperis, Rhodes filed the instant 42 U.S.C. § 1983 complaint alleging that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison officials failed to consider his eligibility for administrative good conduct time under the 1983 version of the Texas Prison Management Act (PMA) (enacted due to prison overcrowding). Rhodes acknowledged that inmates convicted of certain, listed offenses (which included aggravated sexual assault) were excluded from eligibility for administrative good conduct time under the 1983 PMA. He argued, however, that aggravated rape was not one of those listed offenses and that he was not disqualified from receiving administrative good conduct time under the 1983 PMA.

Rhodes's notice of appeal is timely only as to the district court's denial of his second "motion for reconsideration." *See* FED. R. APP. P. 4(a); *see Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 467–70 (5th Cir. 1998). The underlying dismissal of Rhodes's complaint and the denial of his first motion for reconsideration are not properly before this court. *See Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870–71 (5th Cir. 1989); *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973).

Rhodes challenges the district court's finding that "aggravated rape" and "aggravated sexual assault" are the same offense for purposes of the 1983 PMA and that he is therefore excluded from eligibility for administrative good conduct time under the PMA.

When the aggravated rape statute was amended in 1981 and 1983, it expanded criminal liability rather than narrowing it. *See Griffith*, 116 S.W.3d at 787–88; *Lindsey*, 760 S.W.2d at 649–51. There is no merit to Rhodes's argument that the conduct for which he was convicted in 1980 is not included in the conduct prohibited by the 1983 version of the aggravated sexual assault statute. *See Griffith*, 116 S.W.3d at 787–88. The district court did not abuse its discretion in dismissing Rhodes's complaint. *See id.* at 787; *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

AFFIRMED.