

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00302-CR
_____

ORVIL MELTON WEDDEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 24,924-A, Honorable Dan L. Schaap, Presiding

October 28, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Before this court pends an appeal by Orvil Melton Weddel from an order denying his pre-trial application for writ of habeas corpus. The writ was sought in effort to stop his criminal prosecution for two counts of indecency with a child by sexual contact under § 21.11(a)(1) of the Texas Penal Code. Allegedly, the applicable statute of limitations

barred the prosecution. Again, the trial court disagreed and ordered that the application for the writ be denied. We affirm.[1]

Per the indictment issued in February of 2014, the State alleged that the acts of indecency occurred on June 29, 1989 and July 1, 1989. The parties stipulated that the victim was born on December 16, 1979; consequently, she would have been approximately ten years old when the crimes purportedly happened. According to appellant, limitations had expired by the time he was indicted.

Effective September 1, 2007, the statute of limitations applicable to indecency with a child was changed from ten years after the 18th birthday of the victim to "no limitation." Act of May 28, 2007, 80th Leg., R.S., ch. 593 § 1.03, 2007 Tex. Gen. Laws 1120, 1121 (H.B. 8) (codified at TEX. CODE. CRIM. PRO. Art. 12.01(E)). No one disputes that as of the effective date of the 2007 change (*i.e.* September 1, 2007), limitations had not expired. Nor does anyone deny that limitations for a previous crime may be extended by the legislature as long as it has not expired. *See Lindsey v. State*, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988). So, unless the 2007 amendment is rendered somehow invalid, limitations did and does not bar prosecution of the allegations at bar. But, appellant contends that the amendment was invalid.

The invalidity supposedly arose in conjunction with four bills being passed by the 80th Legislature in 2007.[2] Each amended art. 12.01 of the Code of Criminal Procedure.

---

[1]The State questioned whether a pretrial application for writ of habeas corpus is the appropriate vehicle for attempting to bar a criminal prosecution due to the lapse of a limitations period. In its view, the matter should have been broached through a motion to quash the indictment or to dismiss. Yet, because the trial court acted upon the application, its ultimate decision is susceptible to immediate appeal. *Ex parte McCollough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (stating that "[c]ertain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal"). Thus, we need not address the State's contention.

For instance, through H.B. 716, the legislature dealt with limitations applicable to the crime of uttering a false statement to obtain property or credit and money laundering. Act of May 28, 2007, 80th Leg., R.S., ch. 285 § 6, 2007 Tex. Gen. Laws 555, 559. Via H.B. 8, the legislature dealt with the crime of indecency with a child and decided to assign "no limitations" period to it. Act of May 28, 2007, 80th Leg., R.S., ch. 593 § 1.03, 2007 Tex. Gen. Laws 1120, 1121. H.B. 887 encompassed the limitations period applicable to credit or debit card abuse, false statement to obtain property or credit, and fraudulent use or possession of identifying information, Act of May 28, 2007, 80th Leg., R.S., ch. 640 § 1, 2007 Tex. Gen. Laws 1215, 1216. H.B. 887 was enacted on May 21, 2007, while H.B. 959 concerned limitations *viz* the crime of injury to a child. Act of May 28, 2007, 80th Leg., R.S., ch. 841 § 1, 2007 Tex. Gen. Laws 1750, 1751.

In making each change through each bill, the legislature set forth the entire body of art. 12.01 as it existed before the legislative session began. Then, the amendments were manifested through interlineations and underlines. Such manner of amending a statute was and is required to the Texas Constitution. *See* TEX. CONST. art. III § 36 (West 2007) (stating that "[n]o law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length"); *Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996) (stating that to amend a statute, the legislature must take the text of the statute as it was prior to the amendment and indicate changes by interlineating modifications onto the text of that statute). Because this mode of changing the statute did not reflect the other amendments encompassed by each bill, appellant argues that

---

[2] We note that the bills were included in the clerk's record. Yet, seldom did appellant cite to that record to facilitate our search for them.

3

an irreconcilable conflict somehow arose which rendered the last bill passed by the legislature, that is, H.B. 956, the only one valid. And, H.B. 956 just happened not to mention anything about removing the limitations period applicable to the crime of indecency with a child.

We do not have before us a situation involving the passage of multiple bills during the same legislative session amending the identical portions of a pre-existing statute in ways that say different things. Instead, the legislature passed multiple bills amending different subparts of the same statute, and the manner through which they did it was required by the Texas Constitution. This circumstance is no different than that in *Rhoades* where two different bills passed during the same legislative session amended different aspects of the same statute. Because 1) the bills involved different aspects of the same statute, 2) amendments to the same statute during the same session had to be harmonized if possible, and 3) the text of a statute reenacted per art. III, § 36 of the Texas Constitution generally is not considered when attempting to harmonize the bills, our Court of Criminal Appeals held that there was no irreconcilable conflict between the two bills. *Rhoades v. State*, 934 S.W.2d at 122, *quoting* TEX. GOV'T CODE ANN. § 311.025(b) & (c) (West 2013). No less is true here. Different provisions of the same statute were amended in different ways by the house bills in question. Given that the text of the statute reenacted (per constitutional edict) by the legislature to manifest the changes is not indicative of the legislature's intent, according to § 311.025(c), we find no irreconcilable conflict between House Bills 8, 956, 716, and 887.

Nor is appellant's reference to S.B. 1969, which was passed during the 2009 legislative session, of consequence. Admittedly, in attempting to comply with article III, § 36 of the Constitution, the legislature "reenacted" art. 12.01. The "reenactment" indicated that the crime of indecency with a child had a limitations period of both "no limitations" and 10 years from the victim's 18th birthday. Yet, as acknowledged in appellant's brief, the Bill also specified that the bill involved "nonsubstantive additions to and corrections in enacted codes . . . ." Assigning a "no limitations" period for the first time, as appellant suggests S.B. 1969 did, would constitute a substantive change. Furthermore, we cannot forget that the text of the "reenacted" statute "does not indicate legislative intent that the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment." TEX. GOV'T CODE ANN. § 311.025(c). So, the text of the "reenactment" of art. 12.01 in S.B. 1969 is not indicative of what the legislature intended via other amendments (such as those in H.B. 8 or the 2007 session) regardless of when the other amendments (such as those in H.B. 8) were enacted.

In sum, that portion of art. 12.01 that assigns no limitations period to the crime of indecency with a child applies to the criminal prosecution of appellant. The trial court so held, and we find no error in that decision.

Accordingly, we affirm the trial court's denial of applicant's pre-trial writ of habeas corpus.

Brian Quinn
Chief Justice

Do not publish.

5